UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRENDAN KIRBY, )
)
Petitioner, )
)
v. ) No. 2:19-cv-00054-JPH-MJD
)
BRIAN SMITH, )
)
Respondent. )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Brendan Kirby for a writ of habeas corpus challenges a prison disciplinary proceeding identified as case number ISF 18-05-0179. The respondent argues that Mr. Kirby failed to exhaust his administrative remedies and thus he cannot obtain any habeas relief. Mr. Kirby has not replied and the time to do so has passed. For the reasons explained in this Order, Mr. Kirby's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

1

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

**B.     Analysis**

On May 24, 2018, Mr. Kirby was found guilty of assaulting another inmate in violation of Code A-100. In the instant habeas petition, Mr. Kirby challenges his conviction on the grounds that he was denied witness testimony and an impartial decision-maker. The respondent argues, among other things, that Mr. Kirby procedurally defaulted his claims by not raising them in his administrative appeals.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Here, Mr. Kirby appealed to Facility Head and the Indiana Department of Correction Final Reviewing Authority but failed to raise the arguments he raises in the instant habeas petition in either of those administrative appeals. Mr. Kirby's claims are thus procedurally defaulted.

Mr. Kirby admits as much in his habeas petition, *see* dkt. 2 at 4, but argues the Court should excuse his default because he did not understand his due process rights when completing his

2

administrative appeals. The respondent correctly points out that Mr. Kirby's "ignorance of the law . . . is [an] insufficient ground to excuse procedural default." *Coe v. O'Leary*, 937 F.2d 610, 1991 WL 133556, *2 (7th Cir. July 22, 1991) (citing *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990)). Accordingly, Mr. Kirby cannot overcome his procedural default.

### C. Conclusion

Mr. Kirby has failed to demonstrate that he is entitled to habeas relief. His § 2254 petition is therefore **denied**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/21/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRENDAN KIRBY
243065
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov